ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 APR 18 PM 12: 18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSEPH DELK, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-001 |
| ) | |
| ALEXIS CHASE, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On February 12, 2004, Petitioner was convicted of child molestation after a three-day jury trial in the Superior Court of Montgomery County, Georgia. (Doc. no. 6, Ex. 5, p. 662). Petitioner was sentenced four (4) years of imprisonment, followed by six (6) years of probation. (Id. at 665). Petitioner filed a motion and amended motion for a new trial (id. at 94-109 & 126-128), which were denied by the trial court. (Id. at 90-93). Thereafter, Petitioner appealed his conviction, alleging that the trial court erred by admitting evidence of two similar transactions and by denying his motion for a new trial; the Georgia Court of Appeals affirmed Petitioner's conviction. (Id. at 40-46).

Petitioner then filed a state petition for a writ of habeas corpus in the Superior Court of Baldwin County, Georgia. (Id., Ex. 1). Petitioner argued that: (1) he received ineffective assistance of trial counsel because his trial counsel (a) failed to conduct a proper voir dire of the jury panel, (b) elicited damaging testimony from several witness on cross-examination, (c) failed to object to the improper introduction of similar transaction evidence and failed to request instructions regarding the limited purpose of similar transaction evidence, (d) failed to object to "bolstering" testimony, (e) failed to become fully versed with the facts and law relevant to the case, and (f) failed to adequately prepare to present his defense; and (2) he received ineffective assistance of appellate counsel because his appellate counsel failed to raise ineffective assistance of trial counsel on appeal. (Id., Ex. 1, pp. 4-16). After an evidentiary hearing, the state habeas court denied the petition. (Id., Ex. 2). Notably, the state habeas court found, *inter alia*, that Petitioner's claims of ineffective assistance of trial counsel were procedurally defaulted because "Petitioner had new counsel on appeal who did not assert ineffective assistance of trial counsel" and "Petitioner has failed to overcome the presumption of effective performance or to establish a reasonable probability of a different result but for alleged error by appellate counsel." (Id., Ex. 2, pp. 3-8). Thereafter, Petitioner file an application for a certificate of probable cause to appeal, which was denied by the Supreme Court of Georgia. (Id., Exs. 3 & 4).

In the above-captioned federal petition for a writ of habeas corpus, Petitioner asserts the following claims:[1] (1) he received ineffective assistance of trial counsel because his trial

---

[1]Although Petitioner was released from prison in January 2008 (see doc. no. 7), he is still "in custody" on the sentence challenged in the above-captioned action because he is still serving the probation portion of his sentence. See Maleng v. Cook, 490 U.S. 488, 491

2

counsel (a) failed to conduct a proper voir dire of the jury panel, (b) elicited damaging testimony from several state witnesses during cross-examination, (c) failed to object to the improper introduction of similar transaction evidence and failed to request instructions regarding the limited purpose of similar transaction evidence, (d) failed to object to "bolstering" testimony, (e) failed to become reasonably knowledgeable of the facts and the law relevant to the case, and (f) failed to become adequately prepared to present his defense ("Grounds One through Six"); and (2) he received ineffective assistance of appellate counsel because his appellate counsel failed to raise ineffective assistance of trial counsel on appeal ("Ground Seven"). (Doc. no. 1, pp. 6-21). Respondent argues that Grounds One through Six are procedurally barred and that Ground Seven is without merit. (Doc. no. 5).

Before turning to the merits of the instant petition, the Court will explain the applicable standard of review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

---

(1989) ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."); see also Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982) (*per curiam*) ("In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation . . . .").

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. __, 127 S. Ct. 1933, 1939-40 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

### III. DISCUSSION

A. **Procedurally Defaulted Claims**

1. **Exhaustion and Procedural Default Rules Explained**

Respondent argues that Grounds One through Six, alleging ineffective assistance of trial counsel, are procedurally defaulted. (Doc. no. 5, p. 3). The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise,

by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that

6

a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[2] state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the

---

[2] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotes and citations omitted).

claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 619 (U.S. Nov. 13, 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Also of note, Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition. See O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

8

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991). A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 268 Ga. 820, 826 (1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Having summarized the applicable procedural default rules, the Court now turns to the issues of: (1) whether Grounds One through Six have been procedurally defaulted, and (2) if so, whether the default may be excused.

### 2. Grounds One Through Six Have Been Procedurally Defaulted

Denying relief, the state habeas court found, *inter alia*, that Petitioner had procedurally defaulted his ineffective assistance of trial counsel claims under O.C.G.A. § 9-14-48(d) because Petitioner had new counsel on appeal who did not assert these grounds for

relief.³ (Doc. no. 6, Ex. 2, p. 2). Respondent submits that the state habeas court's conclusions were correct and "urges this Court to defer to that ruling and decline to review the merits of these grounds." (Doc. no. 5, pp. 2-3). The Court agrees⁴. Petitioner, who was represented by new counsel subsequent to trial, did not raise ineffective assistance of trial counsel claims on direct appeal. (See doc. no. 6, Ex. 5, pp. 42-43 & 56). Furthermore, the procedural default rule relied upon by the state habeas court constitutes an independent and adequate state procedural ground in that it is exclusively a state doctrine and it is regularly applied by Georgia habeas courts. See Hightower v. Schofield, 365 F.3d 1008, 1037 (11th Cir. 2004), *abrogated on other grounds by* Hightower v. Schofield, 545 U.S. 1124 (2005). Therefore, Petitioner has procedurally defaulted Grounds One through Six under O.C.G.A. § 9-14-48(d), and this Court is barred from considering these claims, absent a showing of cause to excuse the default.

---

³O.C.G.A. § 9-14-48 states in pertinent part,

> The [state habeas] court shall review the trial record and transcript of proceedings and consider whether the petitioner . . . [has] complied with Georgia procedural rules at trial and on appeal and *whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.*

O.C.G.A. § 9-14-48(d) (emphasis added).

⁴The Court notes that Petitioner acknowledges that the state habeas court concluded that Petitioner's ineffective assistance of trial counsel claims were procedurally defaulted under O.C.G.A. § 9-14-48 and that "this finding rest[s] on the fact [that] said claims were not raised on direct appeal." (Doc. no. 3, p. 25).

10

### 3. Petitioner's Procedural Default May Not Be Excused

Petitioner argues, "said procedural bar may be overcome by meeting the two prong Strickland[5] Standard." (Doc. no. 3, p. 25 (citations omitted)). According to Petitioner, his appellate counsel's judgment concerning the issues raised on appeal was unreasonable because "[he] omitted significant and obvious issues (Grounds One through Six)[,] while persuing [sic] issues that were clearly and significantly weaker." (Id. at 25-26). Petitioner concludes that his procedural default should be excused because his appellate counsel's deficient performance resulted in prejudice. (See id. at 26).

Respondent counters (doc. no. 5, pp. 3-4), and the Court agrees, that Petitioner cannot establish any cause to excuse the procedural default. Although ineffective assistance of appellate counsel might excuse Petitioner's failure to raise a claim on direct appeal, as explained *infra*, the Court determines that the state habeas court properly concluded that Petitioner's appellate counsel was not ineffective. Moreover, there is no indication that a miscarriage of justice will occur if the Court does not reach the merits of the procedurally defaulted claims. Therefore, the Court is not persuaded that Petitioner's procedural default should be excused.

In sum, Petitioner's failure to properly exhaust Grounds One through Six have now ripened into a procedural default. Furthermore, Petitioner has failed to show cause excusing this procedural default. As such, Grounds One through Six, now barred by O.C.G.A. § 9-14-48(d), constitute no basis for federal habeas relief.

---

[5] Ineffective assistance of counsel claims are evaluated under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

11

## B. Petitioner Received Effective Assistance of Appellate Counsel

Petitioner argues in Ground Seven that his appellate counsel was ineffective because he failed to raise ineffective assistance of trial counsel grounds for relief on appeal, while pursing grounds for relief that were clearly and significantly weaker. (Doc. no. 1, p. 21; doc. no. 3, pp. 21-26). As the state habeas court correctly noted, ineffective assistance of appellate counsel claims are evaluated under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).[6] (Doc. no. 6, Ex. 2, pp. 3-4). However, the facts of Strickland are dissimilar from those presented in this case. Of particular note here, a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). Furthermore, it is up to appellate counsel to winnow out weaker arguments and select the most promising issues for review. Id. at 751-52. Indeed, appellate counsel "need not advance every argument, regardless of merit, urged by the appellant . . . ." Evitts v. Lucey, 469 U.S. 387, 394 (1985). Therefore, because it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law, the Court will focus its attention on whether the state habeas court unreasonably applied Strickland to the facts of this case. Rompilla v. Beard, 545 U.S. 374, 380 (2005); see also Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that

---

[6]The Strickland standard also applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986); see also Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

12

the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. (internal citations omitted)).

Under the first prong of the Strickland standard, Petitioner must show that his counsel's performance was deficient in that it fell below an "objective standard of reasonableness" considering all the circumstances at the time of counsel's conduct. Strickland, 466 U.S. at 687-92. Nevertheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Indeed, the Court must determine whether counsel's performance was within "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690.

In this regard, there is a strong presumption that counsel provided "reasonable professional assistance." Id. at 689; see also Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001) ("A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). Indeed, as the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable

lawyer at the trial could have acted, in the circumstances, as counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). Consequently, "[u]nder those rules and presumptions, 'cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Id. at 1511 (quoting Rogers v. Zant, 13 F.3d 384, 396 (11th Cir. 1994)).

However, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the second prong of Strickland, the Court must determine whether the deficient performance actually prejudiced Petitioner's case. To satisfy the prejudice prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Strickland, 466 U.S. at 694-95. As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004). With these basic principles in mind, the Court now turns its attention to the substance of Petitioner's claim regarding his appellate counsel.

At the state habeas court's evidentiary hearing, Petitioner's experienced[7] appellate counsel, Mr. Frank Smith, explained, *inter alia*,:

> [I]n going through the [trial transcripts,] it was a fairly clean trial. There just [was not] a lot of objections raised that would have mattered. Again, we could have all done things differently. But, in reviewing this - - and, also, doing the research as to success rates of raising that issue of ineffective assistance of counsel, we simply [did not] see that it would be feasible to raise it [on appeal].
>
> . . . .
>
> Well, it was - - and I discussed [what issues should be raised on appeal] with [Petitioner] and his family on many occasions - - the real crux of the case, as I saw it, was the two similar transaction[s]. We, of course raised the sufficiency of the evidence as well. But the crux of our entire appeal in the motion for new trial was the two prior similar transaction[s] being allowed in. And, in fact, that was the majority of the trial if you look at the transcript was the witnesses talking about the prior similar transactions.

(Doc. no. 6, Ex. 5, pp. 7-8). On cross-examination, Mr. Smith testified, *inter alia*, that "[he] thoroughly read the [trial] transcript; talked to trial counsel; did legal research. And, [he did not] see raising the ineffective assistance [of counsel] issue [on appeal]" and that "based on the transcript and talking to [Petitioner's trial counsel], there was nothing that gave [him] an indication that he was not prepared to try the case." (Id. at 25 & 27). Simply put, Petitioner's appellate counsel testified that, in his professional judgment based upon his research and review of Petitioner's trial, he did not believe ineffective assistance of trial counsel was a feasible claim to raise on appeal.

---

[7]At the state habeas court's evidentiary hearing, Mr. Smith testified that he has been a lawyer since 2002. (Doc. no. 6, Ex. 5, p. 5). Furthermore, Mr. Smith explained that he primarily practices, among other things, criminal law. (Id.). Notably, Mr. Smith stated that, for about two-and-a-half years prior to being retained by Petitioner, his law firm "had the public defender contract for six counties." (Id. at 5-6).

Rejecting Petitioner's ineffective assistance of appellate counsel claim, the state habeas court determined that Mr. Smith "thoroughly reviewed the pretrial, similar transaction and trial transcripts looking for potential attorney error, met with trial counsel, and conducted legal research concerning ineffective assistance of trial counsel claims." (Id., Ex. 2, p. 6). Furthermore, the state habeas court found that, upon consideration of all of the relevant factors, "it was Mr. Smith's conclusion that the trial was a 'clean one,' few, if any, objections would have mattered either way, and while he might have tried the case differently, the circumstances did not rise to a level which would support a successful ineffective assistance of trial counsel claim." (Id.). Moreover, the state habeas court ascertained that "Mr. Smith was aware of certain juror issues, as well as other potential issues in the case" and that "Mr. Smith was also aware that some damaging testimony came out on cross-examination of witnesses by trial counsel." (Id. at 7). Notably, the state habeas court determined that "[Mr. Smith] felt that in regard to a potential claim of ineffective assistance of trial counsel, they would be viewed as matters of trial counsel's strategy on how to try the case." (Id.). Ultimately, the state habeas court concluded, "[Mr. Smith] reviewed Petitioner's case with a 'fine toothed comb' and while he may have disagreed with some of trial counsel's tactics, this would not establish a successful claim of ineffective assistance of trial counsel." (Id. at 7-8).

Petitioner provides no basis, and the Court is aware of none, upon which to conclude that the state habeas court's reasoning was contrary to or an unreasonable application of federal law. Furthermore, the Court must presume and accept the correctness of the state habeas court's factual findings because Petitioner has failed to submit any evidence, let alone

16

clear and convincing evidence, to rebut these factual findings. In this regard, Petitioner argues, "The state habeas court has treated [his] claims in a perfunctory manner. Wherein, the [state habeas] court summarily denied habeas relief at the end of the hearing, without first reviewing Petitioner[']s detailed pleadings in conjunction with the trial record [and] evidence offered at the trial." (Doc. no. 3, p. 21). Petitioner correctly notes that, at the state habeas evidentiary hearing, the Honorable James L. Cline, Jr., Superior Court Judge, concluded, "It appears to me that, [Petitioner], you have no merit whatsoever in this application and I deny it as to all grounds." (Doc. no. 6, Ex. 5, pp. 37-38). However, Judge Cline also issued a written order, "adopting [his] earlier ruling, based on the following findings of facts and conclusions of law," including Petitioner's testimony, Mr. Smith's testimony, the trial transcript, and the appellate court record and briefs.[8] (Doc. no. 6, Ex. 2, p. 1). Petitioner has

---

[8]Petitioner also generally complains that the final order of the state habeas court is not entitled to the presumption of correctness because it was prepared by the senior assistant attorney general. (Doc. no. 3, pp. 2-5). Nevertheless, Petitioner candidly admits, "[he] is unable to fined [sic] specific legal precedent which would strictly prohibit opposing counsel from preparing said final order. However, said practice has been greatly disfavored by the Supreme Court." (Id. at 2-3 (citing United States v. El Paso Natural Gas Co., 376 U.S. 651, 657 n.4 (1964))). In El Paso Natural Gas Co., the Supreme Court determined, "[A]fter oral argument the judge announced from the bench that judgment would be for appellees . . . . He told counsel for appellees 'Prepare the findings and conclusions and judgment.[']" El Paso Natural Gas Co., 376 U.S. at 656. When addressing this practice, the Supreme Court concluded, "Those findings, though not the product of the workings of the district judge's mind, are formally his; they are not rejected out-of-hand, and they will stand if supported by evidence." Id. Although Judge Cline announced his ruling at the state habeas evidentiary hearing and the final order denying state habeas relief was "prepared by" the senior assistant attorney general, the final order denying state habeas relief was signed by Judge Cline and entered by the state habeas court. (See doc. no. 6, Ex. 2, p. 9). As previously discussed, the findings of the state habeas court are supported by the record. Therefore, Petitioner's argument concerning the presumption of correctness accorded to the findings of the state habeas court is without merit.

failed to rebut the factual findings of the state habeas court, and therefore, he has failed to demonstrate that his appeal was prejudiced by the actions of his appellate counsel.

In sum, the record provides no indication that Petitioner's appellate counsel's performance was deficient. Furthermore, the record does not suggest that, but for appellate counsel's errors, there is a reasonable probability that Petitioner's appeal would have been successful. Therefore, Petitioner's complaints about his appellate counsel's failure to raise ineffective assistance of trial counsel as a basis for relief on appeal fall far short of demonstrating ineffective assistance of appellate counsel.

## IV. CONCLUSION

In sum, all of Petitioner's claims are either procedurally defaulted or devoid of merit. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the above-captioned petition be **DENIED**, that this civil action be **CLOSED**, and that a judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 18th day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE